[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES AND COUNTERCLAIMS
This action is in two counts. The first count seeks a foreclosure of a mortgage on property in Bristol, Connecticut securing a promissory note dated November 6, 1981 to the plaintiff in the original principal amount of $1,090,000 (the "Note"). The current owner of the mortgaged property is the defendant, EFA Acceptance Corporation, and the obligors under the Note are the defendants Chic Miller's Chevrolet-Isuzu, Inc. and Chapin W. Miller (all said defendants are referred to as "the defendants").
The second count seeks a money judgment under the Note. The complaint alleges that the installments of principal and interest due under both notes have not been paid.
By answer filed July 20, 1992, the defendants interposed two special defenses and four counterclaims. By motion filed July 20, 1992, the plaintiff moved to strike the first and second special defenses and all four counterclaims. By Memorandum of Decision filed October 19, 1992 this court granted the plaintiff's motion to strike in all respects. On November 4, 1992 the defendants requested leave to file an amended answer and counterclaims.
The factual allegations of the amended special defenses and counterclaims are identical to those in the original special defenses and counterclaims. The only new elements are legal conclusions and claims for relief. The plaintiff has moved to strike the special defenses and counterclaims CT Page 5326 of November 4, 1992.
The First and Second special defenses allege that in its transactions and business dealings with the defendant, the plaintiff impliedly covenanted to act in good faith and that the plaintiff breached this covenant in various ways, including its refusal to permit an extension of the amortization schedule on certain interrelated loans between the parties, its untrue representations that it would provide additional financing to the defendants, its negotiation in bad faith concerning additional financing, its refusal to provide additional financing, and its refusal to release "excess" collateral to permit the defendants to obtain financing from other sources. As this court stated in its Memorandum of Decision on the Motion to Strike the original special defenses and counterclaims, the special defenses do not address the making, validity or enforcement of the Note or mortgage which is the subject of the complaint. Rather, they allege nonperformance, breach, and misrepresentation with respect to agreements and dealings between the parties which are separate from the Note and mortgage referred to in the complaint.
Section 164 of the Practice Book provides in relevant part:
 No facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
In-order to attempt to bring the special defenses within Practice Book Section 164, the defendant has added the conclusory statement that the factual allegations stated in the first special defense constitute a material breach of plaintiff, thus relieving the defendant of any and all obligations under the loan agreements which formed the basis of the action. The addition of this language does not save the special defenses from being stricken. The factual allegations upon which the special defenses are based remain the same. Those allegations do not relate to the making, validity or enforcements of the notes or mortgages which are the subject of the complaint. Rather, they allege CT Page 5327 nonperformance, breach, and misrepresentation with respect to other agreements and dealings between the parties. Moreover, the allegations of the First and Second special defenses fail to state a cause of action for material breach of contract as a matter of law.
The issue of whether there has been a material breach of contract is often stated in terms of whether the alleged breaching party has "substantially performed." Restatement (Second) Contracts, Section 237, comment (d). The nature of a loan transaction is such that a lender fully (or at least "substantially") performs its obligations under the contract at the time it advances the loan proceeds. The defendants have not presented any cases applying the doctrine of material breach in favor of a borrower against a lender. The overwhelming majority of cases in which the doctrine of material breach is applied involve building contracts, see Brown-Marx Associates, Ltd. v. Emigrant Savings Bank,703 F.2d 1361, 1367 (11 Cir., 1983) ("the doctrine is widely applied to building contracts, though not always limited to them"). The doctrine of material breach generally applies in building contracts or analogous contracts because the nature of a building contract is such that both parties are obligated to render simultaneous performance, i.e., as the builder completes the work the owner makes payments. It is logical that a builder should not be compelled to continue working if the owner fails to pay and that, likewise, the owner should not be compelled to pay if the builder materially breaches his obligation to do the work.
The doctrine of material breach has no applicability to a lending transaction where one side (the lender) has fully performed obligations under the contract at the outset. The inapplicability of the doctrine in such a situation is evident from Restatement (Second), Contracts, Section 241, which sets forth the circumstances that are significant in determining whether a breach is "material" or whether there has been "substantial performance". Section 241 provides as follows:
 In determining whether a failure to render or to offer performance is material, the following circumstances are significant.
(a) The extent to which the injured party CT Page 5328 will be deprived of the benefit which he reasonably expected;
 (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
 (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
 (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
 (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.
These criteria illustrate the utter inapplicability of the doctrine of material breach to a loan transaction. The defendants will not be deprived of the benefit that they expected; the benefit they reasonably expected was the loan proceeds, which they received. Moreover, under the defendants' theory, the plaintiff would suffer a complete forfeiture of all monies advanced, another factor which strongly militates against the applicability of the doctrine of material breach.
The claimed "breaches" are not breaches under the Note, and a lender who has fully advanced all loan proceeds has at least substantially performed. Therefore, the theory of material breach is not applicable to the defendants under the facts of this case, as alleged in the special defenses. The Motion to Strike the First and Second special defenses is granted.
The plaintiff has also moved to strike the Third and Fourth special defenses which allege payment and accord and satisfaction, respectively. These special defenses are bereft of any specific factual allegations. However, the plaintiff could have obtained additional facts by filing a request to revise. It did not do so. When allegations of the aforesaid special defenses are taken in a manner most CT Page 5329 favorable to the defendants, they do state a cause of action. The motion to strike the Third and Fourth special defenses is, therefore, denied.
The counterclaims are based on substantially the same set of factual allegations as the special defenses. They were originally stricken on the ground of misjoinder for the reason that they do not arise out of the transaction which is the subject of the plaintiff's complaint within the meaning of Practice Book Section 116. This court stated: "The complaint alleges that the defendant . . . breached its obligation (payment) under the Note dated in 1991. The counterclaims do not relate to the making, validity or enforcement of that Note or the mortgage by which it was secured. Instead, the counterclaims allege agreements, failures to agree, and other actions by the plaintiff which predated or postdated the aforementioned Note and which were wholly separate and distinct from the rights and obligations of the parties under the Note."
In the amended counterclaims, the only change is the addition of a claim for rescission of all agreements between the parties and a request that the court rewrite the terms of the Note, and deem the Note paid in whole or in part. These new counterclaims, which are identical to the stricken counterclaims, except with respect to new requests for relief, are not properly joined in this action for the reasons stated in the court's previous ruling. Regardless of the additional relief requested, if the counterclaims are tried separately from the complaint they will not result in a duplication of effort. The counterclaims are, therefore, ordered stricken.
Aurigemma, J.